U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

APR 2 5 2013

LAWRENCE K. BAERMAN, CLERK
ALBANY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No.<br>13-CR- 177 (MAD) |
| v. | I N D I C T M E N T |
| STEPHEN J. KONN, | Vio:   18 U.S.C. §2252A(a)(2)(A)<br>           18 U.S.C. §2252A(a)(5)(B) |
| Defendant | County of Offense: Saratoga |

**THE GRAND JURY CHARGES:**

<u>COUNT ONE</u>
**(DISTRIBUTION OF CHILD PORNOGRAPHY)**

On or about March 2, 2011, in Saratoga County in the Northern District of New York, the defendant,

**STEPHEN J. KONN,**

did knowingly distribute and attempt to distribute child pornography using a means and facility of interstate and foreign commerce, shipped and transported in and affecting such commerce, by any means, including by computer, in that the defendant made one or more graphic image and video files containing images of a minor and minors engaged in sexually explicit conduct available to be downloaded by others through use of a Peer to Peer file sharing network, and that on or about March 2, 2011, part or all of seven graphic files depicting a minor and minors engaged in sexually explicit conduct were downloaded, via the Internet and through use of a Peer to Peer file sharing network, from the defendant's computer by a law enforcement agent acting in an undercover capacity.

In violation of Title 18, United States Code, Sections 2252A(a)(2)(A), (b)(1) and 2256(8)(A).

## COUNT TWO
## (RECEIPT OF CHILD PORNOGRAPHY)

From in or about September 2010 to in or about March 2011, in Saratoga County in the Northern District of New York, the defendant,

**STEPHEN J. KONN,**

did knowingly receive, and attempt to receive, child pornography that was shipped and transported in and affected foreign commerce by any means, including by computer, in that the defendant, using a computer connected to the Internet, downloaded numerous graphic image and video files of a minor and minors engaged in sexually explicit conduct.

In violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2256(8)(A).

## COUNT THREE
## (POSSESSION OF CHILD PORNOGRAPHY)

On or about March 31, 2011, in Saratoga County in the Northern District of New York, the defendant,

**STEPHEN J. KONN,**

did knowingly possess material that contained one or more images of child pornography that had been transported using a means and facility of interstate and foreign commerce, and in and affecting such commerce by any means, including by computer, and that was produced using materials that had been shipped and transported in and affecting such commerce by any means, including by computer, that is: an ASUS CM5570 personal computer, containing a Hitachi hard drive, serial number MG1HTSNK, which contained numerous graphic image and video files of minors engaged in sexually explicit conduct.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2256(8)(A).

## **FORFEITURE ALLEGATION**

The allegations contained in Counts One through Three of this Indictment are hereby realleged and incorporated by reference for the purposes of alleging forfeiture, pursuant to Title 18, United States Code, Section 2253.

Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2252A, the defendant, STEPHEN J. KONN, shall forfeit to the United States of America:

 a. Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252 or 2252A, and any book, magazine, periodical, film, videotape, and other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

 b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses, and

 c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, and any property traceable to such property.

The property to be forfeited includes, but is not limited to, the following:

 (a) one ASUS computer, Model CM5570 (Serial Number: PF1G96B04400396) containing one 640 gigabyte Hitachi hard drive (Serial Number: MG1HTSNK);

If any of the property described above, as a result of any act or omission of the defendant:

 (a) cannot be located upon the exercise of due diligence;

3

  (b)  has been transferred or sold to, or deposited with, a third party,

  (c)  has been placed beyond the jurisdiction of the court;

  (d)  has been substantially diminished in value; or

  (e)  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b) and by Title 28, United States Code, Section 2461(c).

Dated: April 25, 2013

A TRUE BILL, * NAME REDACTED

_____
FOREPERSON

RICHARD S. HARTUNIAN
United States Attorney
Northern District of New York

By: _____
Wayne A. Myers
Assistant U.S. Attorney
Bar Roll #517962

4